**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-11100
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SHED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-316-1
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

Kevin Shed appeals his sentences for conspiracy to possess
with intent to distribute cocaine and cocaine base and for
conspiracy to commit laundering of monetary proceeds. Following
a remand from this court, the district court sentenced Shed to
concurrent sentences of 480 and 240 months of imprisonment.

Shed first argues that his Sixth Amendment rights were
violated because he was sentenced on the basis of information
provided by individuals who were not subject to cross-
examination. This argument is without merit. "[T]here is no

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Confrontation Clause right at sentencing." United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999).

Shed argues that the district court abused its discretion by refusing to allow him to testify at sentencing. Shed has not shown that there was a dispute over material facts that the district court could not resolve without a hearing. See United States v. Mueller, 902 F.2d 336, 347 (5th Cir. 1990). Shed had an opportunity to review the presentence report, to file objections, and to present affidavits to support his position; accordingly, the district court did not abuse its discretion by refusing to allow Shed's testimony at sentencing. See United States v. Henderson, 19 F.3d 917, 927, (5th Cir. 1994).

Shed argues that the district court must find all sentencing facts beyond a reasonable doubt, although he concedes that this court holds that a preponderance of the evidence standard applies at sentencing. To the extent that Shed challenges United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), as wrongfully decided, one panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Finally, as Shed concedes, the remedial holding of United States v. Booker, 543 U.S. 220 (2005), may be retroactively applied to his case. See United States v. Charon, 442 F.3d 881,

892-93 (5th Cir.), <u>cert. denied</u>, ___ S. Ct. ___, 2006 WL 2066690 (Oct. 2, 2006); <u>United States v. Scroggins</u>, 411 F.3d 572, 575-76 (5th Cir. 2005); <u>see also</u> <u>Ruff</u>, 984 F.2d at 640 (one panel of this court generally may not overrule another).

AFFIRMED.